Filed 10/25/21  P. v. Lopez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

<table>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>IPOLITO LOPEZ,<br><br>    Defendant and Appellant.</td><td>2d Crim. No. B304419<br>(Super. Ct. No. 17CR11300)<br>(Santa Barbara County)</td></tr>
</table>

Ipolito Lopez appeals the judgment entered after a jury convicted him of possessing child pornography (Pen. Code,[1] § 311.11, subd. (a)) and unlawful electronic peeping (§ 647, subd. (j)(3)(A)).[2]  The trial court sentenced him to three years in state

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] Appellant was found not guilty on charges of committing a lewd or lascivious act upon a child under the age of 14 (§ 288,

prison, suspended execution of the sentence, and placed appellant on five years of probation with terms and conditions including that he serve 270 days in county jail.  Appellant was released from jail in March 2020 and was subsequently deported to Mexico.  The trial court found appellant in violation of probation, revoked probation, and issued a warrant for his arrest.  Appellant asks us to independently review subpoenaed medical records of victim Jane Doe to determine whether the trial court acted within its discretion in denying their disclosure to the defense.[3] We affirm.

## STATEMENT OF FACTS

Jane Doe was born in 2004.  Appellant is married to Doe's sister S.  In July 2017, appellant, S., and their young son J. were living with Doe, her mother, and her sister A.  After her father's death in April, Doe began drinking alcohol and smoking marijuana.

One afternoon, Doe went into the bathroom to take a shower.  After she undressed, she saw a cell phone camera pointed at her through a gap at the bottom of the bathroom door. She covered herself with a towel and opened the door.  No one

---

subd. (a)), and annoying or molesting a child under the age of 18 (§ 647.6, subd. (a)).

[3] Appellant also contends that his five-year term of probation must be reduced to two years pursuant to Assembly Bill No. 1950, which became effective on January 1, 2021, and applies retroactively to cases not yet final on appeal. (See, e.g., *People v. Sims* (2021) 59 Cal.App.5th 943, 958-964.)  As the People note, this claim is moot because the court revoked probation and issued a warrant for appellant's arrest.

was there, but she heard footsteps retreating in the direction of the bedroom appellant shared with S. and J.

Doe testified that on several other occasions, appellant sexually molested her or acted in a sexually inappropriate manner. On one occasion, appellant masturbated in front of her and touched her breast and vagina over her clothing.

Doe eventually reported the incidents to a school counselor, who called the police. On October 26, 2017, Doe made a pretextual phone call to appellant. During the call, appellant repeatedly denied that he had ever engaged in sexually inappropriate behavior with Doe. In a subsequent text message, appellant told Doe "if something happened, it wasn't intentional." After the call was completed, appellant told S. he needed to "get things off his phone."

Appellant was arrested shortly thereafter. S. gave the police two cell phones that belonged to appellant. The phones contained videos of Doe undressed in the bathroom that had been taken through the gap at the the bottom of the bathroom door. One video showed Doe in the bathroom masturbating. There were also photographs of the legs of Doe, S., and A. that were taken underneath a kitchen table and photographs of A. lying on her stomach on her bed.

## DISCUSSION

Appellant requests our review of Doe's subpoenaed medical records to determine whether the court erred in declining to disclose them to the defense.[4] The prosecution does not object to

---

[4] After briefing was completed, we notified the parties that the trial court's copies of Doe's subpoenaed records had been destroyed pursuant to Evidence Code 1560, subdivision (d). Appellant filed a motion to settle the record on appeal to include

this request.  Accordingly, we independently review the sealed records to determine whether the court abused its discretion in declining to disclose them.  (See *People v. Thompson* (2016) 1 Cal.5th 1043, 1105; *People v. Prince* (2007) 40 Cal.4th 1179, 1285.)

During its pretrial investigation, the defense discovered that Doe had been hospitalized for a drug overdose sometime after appellant's arrest.  On September 6, 2019, the defense served the hospital with a subpoena duces tecum requesting Doe's medical records from October 1, 2017 through January 1, 2019.  The prosecution moved to quash the subpoena, and the defense opposed the motion asserting that the records were relevant to Doe's credibility.  The defense offered that appellant had been aware of Doe's drug use and that Doe had fabricated the allegations against him in an attempt to prevent him from revealing her drug use to her family.  The defense also argued that evidence of Doe's drug use would impeach her credibility by undermining her claim to the police that she did not use drugs.

After conducting an in-camera review of the subpoenaed records, the trial court granted the motion to quash based on its determination that the records "disclosed no . . . historical information that would be relevant to this [case] sufficient to

---

the documents and we issued an order to that effect.  Pursuant to that order, the trial court (1) reissued the original subpoena duces tecum and obtained the original records; (2) reviewed the records, authenticated and certified them as the same records reviewed at the in camera proceedings; (3) produced a supplemental clerk's transcript containing the records; (4) corrected/augmented the record on appeal to include the supplemental clerk's transcript; and (5) forwarded the transcript to this Court.

overcome [Doe's] right of privacy." The trial court reasoned: "[T]he defense has indicated that Jane Doe suffered some sort of hospitalization related to drug use that occurred after the incidents in questions in this case. At the time, the defense indicated a lack of certainty as to when these occurred. The Court's review of the medical records obtained the date of this alleged incident. It is substantially after the issues in this case, it is not relevant to the issues in this case, and I will preclude the defense from inquiring of Jane Doe as to whether she subsequently suffered a potentially drug-related hospitalization. I'm making this ruling on the grounds that her drug use or an allegation of drug use or difficulties with drugs occurring after this is not relevant to the issues in this case. In fact, it could be considered inculpatory to the defendant. Raising this issue is unduly time-consuming, has limited probative value, and I'm precluding such testimony."

We have independently reviewed Doe's medical records and conclude the trial court did not abuse its discretion in denying their disclosure to the defense.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.          TANGEMAN, J.

5

John F. McGregor, Judge
Superior Court County of Santa Barbara

_____

Lori E. Kantor, under appointment by the Court of Appeal, for Defendant and Appellant.  [waived]

Xavier Becerra, Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Stephanie C. Santoro, Deputy Attorney General, for Plaintiff and Respondent.